Betty L. HOLMAN, on her own behalf, Betty Holman, on behalf of Patricia C., Margaret A., and Palma K. Holman, Plaintiffs,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 6485.

United States District Court, E. D. Texas, Beaumont Division.

Dec. 9, 1970.

J. D. Rutland, Beaumont, Tex., for plaintiff.

Roby Hadden, U. S. Atty., and Robert H. Nicholas, Asst. U. S. Atty., Beaumont, Tex., for defendant, Secretary of Health, Education and Welfare.

## OPINION AND JUDGMENT

JOE J. FISHER, Chief Judge.

On this date came on to be considered the above-styled and numbered cause, wherein Plaintiffs seek a review of a final decision of the Secretary of Health, Education and Welfare, under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), denying the Plaintiffs' application for entitlement to child's insurance benefits under Sections 202(d) and 216(e) of the Act, 42 U.S.C.A. § 402(d) and § 416(e).

The Plaintiff and Defendant have filed Motions for Summary Judgment with supporting briefs.

Concisely as can be stated, the essential facts in the record of this controversy are as follows: Lamar Holman, the husband of Betty Holman, filed application for old-age benefits on June 17, 1965, and was held entitled to reduced benefits effective July 1964. The children, Palma K., Margaret A., and Patricia G. Holman, who were born August 24, 1958, January 9, 1961, and November 17, 1962, respectively, are the natural legitimate children of the wage earner's granddaughter, Betty Jean Lincoln. The evidence indicates that the children's natural parents became estranged, and Betty Jean Lincoln and the children lived with the claimant, Betty L. Holman, Plaintiff herein; and her husband the wage earner, Lamar Holman, from about 1962 until about April 1963, when the natural mother left Plaintiff's home, leaving the children with Plaintiff and her husband. The children were given into the custody of the Plaintiff and wage earner by their natural mother on April 4, 1963, and it was *"orally agreed"* that the claimant and the wage earner would raise the children as their own and that the natural mother was completely surrendering the children into their care and custody. The Appeals Council found from the record that the above "agreement" did not include a promise to adopt the children. Nevertheless the record reflects that the Plaintiff and the wage earner treated the children as their own and have provided fully for their support and maintenance since 1963.

The evidence further shows that on December 16, 1966, Betty Jean Lincoln,

the children's natural mother, consented to the legal adoption of the children and on January 19, 1968, the adoption was finally decreed. An application for child's insurance benefits was filed on behalf of the children on May 28, 1968, and the Plaintiff concurrently filed an application for wife's insurance benefits.

The Plaintiffs have exhausted their administrative remedies which left them with a decision by the Appeals Council holding that Plaintiff, Betty L. Holman, is entitled to wife's insurance benefits but that she is not entitled to child's insurance benefits on behalf of Patricia C., Margaret A. and Palma K. Holman for which application was filed on May 28, 1968. It is this last feature of the Appeals Council decision concerning child's insurance benefits that the court has been petitioned to consider.

It is Defendant's position that the *"legal adoption"* which occurred on January 19, 1968, did not occur within the 24 month period beginning with July 1965, the month after the wage earner became entitled to old-age insurance benefits as required under Section 202 (d) of the Social Security Act, 42 U.S. C.A. § 402(d). Further, that there is no basis upon which a finding of "equitable adoption" of the three children could be made pursuant to Section 216 (e) of the Act, 42 U.S.C.A. § 416(e).

Plaintiff does not dispute that the "legal adoption" did not occur within the prescribed time period according to the Act. However, Plaintiff's position is that the legal adoption which occurred on January 19, 1968, was merely a setting of record, that which had been accomplished "equitably" thereby making the children in question eligible for benefits under Section 216(e) of the Social Security Act, 42 U.S.C.A. § 416(e). Therefore, the issue on which this case turns is whether the children in question were "equitably adopted" in accordance with Texas Law.

This Court has reviewed the pleadings, transcript of the record, and briefs filed by the respective parties and is of the opinion, and finds, that there is not substantial evidence in the record to support the Secretary's decision that Patricia C. Holman, Margaret A. Holman, and Palma K. Holman were not equitably adopted by the wage earner, Lamar Holman, and Plaintiff, Betty L. Holman, within the meaning of the Social Security Act.

This Court is of the opinion and holds that the facts in the present case clearly show that, while there may not have been a "clear, unequivocal, and convincing evidence of a contract to adopt" between the parties, they manifested by their actions an intent to keep and care for these children as their own long before they instituted formal proceedings to adopt them. This is in accordance with the recent Fifth Circuit decision in the case of Smith v. Secretary of Health, Education and Welfare (1970), 431 F.2d 1241, holding that if circumstances clearly show an "adoptive relationship" in cases involving a claim for child's benefits insurance under the Social Security Act that the existence of a "contract to adopt" will not be required. In holding that the clear showing of an adoptive relationship is a preferable test to the establishing of the existence of a contract to adopt, the court said:

> "For appellants to show this adoptive relationship, we do not believe it should have been necessary for them to show that they used the word 'adoption' in a formal sense at the pertinent times. To do so, we think, would frustrate the purpose of the Social Security Act, which, it has been said, 'is remedial in nature,' and requires 'a liberal construction in favor of (coverage), if such is reasonably made out'." (Smith v. Secretary of Health, Education and Welfare, Supra.)

Therefore, and for the reasons given, the Court finds that the Appeals Council applied an erroneous and unproper legal standard in passing upon the claim asserted by the Plaintiffs in that they required a clear, unequivocal and convincing proof of a valid contract to adopt in

order to sustain a finding of equitable adoption and that the final decision of the Secretary of Health, Education and Welfare should not be entitled to the insulation of the substantial evidence test.

It is, therefore, ordered, adjudged and decreed by the Court that Defendant's Motion for Summary Judgment be, and the same is hereby denied and that a Final Summary Judgment is hereby entered by the Court in favor of Plaintiffs, and that the final decision of the Secretary of Health, Education and Welfare, rendered on September 22, 1969, be, and the same is hereby reversed and Plaintiffs are entitled to child's insurance benefits under Section 216(e) of the Social Security Act, 42 U.S.C.A. § 416(e) pursuant to the application filed by Plaintiff on May 28, 1968.